IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-60,492-01, -02, -03 & -04




EX PARTE DAVID HARLEY BAILEY, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 88-CR-145-B, 88-CR-142-B, 88-CR-139-B & 88-CR-144-B 
IN THE 138TH DISTRICT COURT
FROM CAMERON COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of injury to a child and sentenced to ten years’ imprisonment on each count. He was also convicted
of two counts of aggravated sexual assault and sentenced to twenty years’ imprisonment on each
count. He did not appeal his convictions. 
            Applicant contends, among other things, that he was denied his right to appeal. On April 13,
2005, we denied these applications. We now reconsider these dispositions on our own motion and
remand these applications for findings of fact and conclusions of law to determine whether Applicant
was denied his right to appeal.  
            Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order trial
counsel to respond to Applicant’s claim. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether Applicant
was entitled to be in the appellate process and, if so, whether he was denied his right to appeal these
convictions. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: December 15, 2010
Do not publish